J-A30030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DA'RAN MALIK SEARS | : | No. 292 MDA 2019 |

Appeal from the PCRA Order Entered January 17, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001293-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DA'RAN MALIK SEARS | : | No. 293 MDA 2019 |

Appeal from the PCRA Order Entered January 17, 2019
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000293-2014

BEFORE: DUBOW, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED: JANUARY 13, 2021**

The Commonwealth appeals from the order granting Appellee Da'Ran

Malik Sears' petition for relief under the Post Conviction Relief Act (PCRA), 42

Pa.C.S. §§ 9541-9545.     Based on our review of the record, the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Commonwealth's response to our order, and in light of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we quash.

Briefly, Appellee was charged at Docket No. 1293-2013 with involuntary manslaughter and receiving stolen property for a shooting that occurred in 2013. **See** Docket No. 1293-2013. Approximately nine months later, the Commonwealth filed an additional charge at Docket No. 293-2014 for third-degree murder based on the same underlying incident. **See** Docket No. 293-2014.

Following a consolidated jury trial, Appellee was convicted of all charges and sentenced to twenty-to-fifty years' incarceration. Appellee filed a direct appeal, and this Court affirmed Appellee's judgment of sentence on February 14, 2017. **See Commonwealth v. Sears**, 1738 MDA 2015, at 2 (Pa. Super. filed Feb. 14, 2017) (unpublished mem.).

Appellee filed a timely *pro se* PCRA petition on November 27, 2017. The PCRA court appointed counsel, who filed an amended petition on Appellee's behalf. Therein, Appellee argued that his trial counsel was ineffective for advising him not to enter an open guilty plea to the charges at Docket No. 1293-2013 and for failing to anticipate that the Commonwealth would file the third-degree murder charge at Docket No. 293-2014, which resulted in Appellee receiving a much greater sentence. Am. PCRA Pet., 1/24/18, ¶ 26, 50. The PCRA court conducted an evidentiary hearing at which trial counsel and Appellee testified.

On January 17, 2019, the PCRA court issued an order granting Appellee's petition. Specifically, the PCRA court vacated Appellee's judgments of sentence at Docket Nos. 1293-2013 and 293-2014 and scheduled a new guilty plea and sentencing hearing. PCRA Ct. Order, 1/17/19. The PCRA court specified that Appellee would "be permitted to plead open to all counts under [Docket No.] 1293-2013. The plea of guilty and the sentence on said counts shall preclude the Commonwealth from proceeding with prosecution under [Docket No.] 293-2014." *Id.* In addition to listing both trial court docket numbers, the PCRA court's order was placed in the record for both cases.

On February 12, 2019, the Commonwealth filed one notice of appeal that listed both docket numbers. The clerk of courts docketed the Commonwealth's notice of appeal at both trial court docket numbers and placed a copy of the notice in the record for each case.

On February 22, 2019, this Court issued a rule to show cause for the Commonwealth to explain why we should not quash the appeal based on our Supreme Court's decision in *Walker*. Order, 2/22/19. On March 8, 2019, the Commonwealth filed a response indicating that "[i]t was the Commonwealth's intention that only one appeal be filed, that being to Docket No. 293-2014 and assigned Superior Court Docket No. 293 MDA 2019. We would request that the appeal at 292 MDA 2019 be withdrawn." Commonwealth's Resp. to Rule to Show Cause, 3/8/19. On April 1, 2019, this Court discharged the rule to show cause and referred the issue to this panel.

The Commonwealth subsequently filed a court-ordered Pa.R.A.P. 1925(b) statement and the PCRA court issued a Rule 1925(a) opinion addressing the Commonwealth's claims.

After reviewing the record, the Commonwealth's brief, and the Commonwealth's response to this Court's rule to show cause, it was unclear whether the Commonwealth (1) filed a single notice of appeal at one trial court docket number; or (2) filed two identical notices of appeal, one at each trial court docket number. Therefore, on October 30, 2020, we issued an order directing the Commonwealth to clarify whether it filed separate notices of appeal at each docket number in compliance with **Walker** and **Commonwealth v. Jerome Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*). Order, 10/30/20.

The Commonwealth filed a response indicating that "[a] separate [n]otice of [a]ppeal was not filed for each case; both docket numbers were incorrectly listed on the [n]otice of [a]ppeal." Commonwealth's Resp. to Order, 11/9/20, at 1. The Commonwealth reiterated that it "only intended to file one appeal under [Docket No.] 293-2014." **Id.** at 2. The Commonwealth also acknowledged that the original notice of appeal was "defective," but referred this Court to the first argument in its appellate brief. **Id.** at 3. Appellee filed a response requesting that we quash the Commonwealth's appeal based on **Walker** and **Jerome Johnson**. Appellee's Resp. to Order, 11/13/20.

On appeal, the Commonwealth raises the following issues:

- 4 -

1. ***Commonwealth v. Walker*** does not require quashal under the circumstances of [this] case.

2. Trial counsel was not ineffective for failing to advise [Appellee] of third degree murder[,] an offense with which [Appellee] was not charged.

3. Counsel was not ineffective for not having a guilty plea for third degree murder scheduled prior to August 1, 2014.

Commonwealth's Brief at 1 (some formatting altered).

Initially, we must address the Commonwealth's claim that even though it "filed a single notice of appeal from an order granting [PCRA] relief on two dockets, under the circumstances of the case, [***Walker***] is inapplicable." Commonwealth's Brief at 10.

The Commonwealth first argues that, unlike the defendants in ***Walker***, Appellee "effectively stipulated to consolidation" by filing a single PCRA petition that listed both docket numbers. ***Id.*** at 10. Additionally, the Commonwealth asserts that Appellee did not raise separate ineffectiveness claims at each docket, but instead "stated only a single claim of ineffectiveness by virtue of counsel's action at [Docket No.] 1293-2013." ***Id.*** at 11. The Commonwealth explains that the PCRA court's order vacated Appellee's third-degree murder conviction at Docket No. 293-2014 and "barred further prosecution on that charge if [Appellee] pled to [Docket No. 1293-2013]." ***Id.*** at 11 n.2. Therefore, the Commonwealth reiterates that its notice of appeal was "really only from [Docket] 293-2014 although the relief was based upon a finding of ineffectiveness under [Docket] 1293-2013." ***Id.***

The Commonwealth also claims that Appellee is "the party responsible for the procedure that caused the Commonwealth to file but one appeal." *Id.* at 10. Specifically, the Commonwealth contends that Appellee's filing of one PCRA petition listing two docket numbers "placed the Commonwealth in the untenable position of filing one appeal for two separate dockets." *Id.* at 11. The Commonwealth concludes that "under the circumstances of this case, ***Walker*** is not applicable and the appeal should not be quashed." *Id.*

Appellee responds that he did not stipulate to consolidation "as is envisioned by the ***Walker*** decision and Pennsylvania's Rules of Appellate [P]rocedure." Appellee's Brief at 9. Further, he asserts that "filing a single PCRA petition at the trial court level is not a stipulation to consolidation at the appellate level." *Id.* Appellee argues that not only did he "raise issues related to each docketed case, but the Commonwealth has appealed both issues and argued both issues in its brief." *Id.* at 10. Therefore, Appellee concludes that "[t]he Commonwealth violated the bright line rule of Pa.R.A.P. 341 and ***Walker***" and that therefore, "quashal of the appeal is required." *Id.* at 11.

In ***Walker***, our Supreme Court concluded that Pa.R.A.P. 341 provides a "bright-line mandatory instruction to practitioners to file separate notices of appeal." ***Walker***, 185 A.3d at 976-77. The ***Walker*** Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." *Id.* at 971. "The failure to do so requires the appellate court to quash the appeal." *Id.* at 977.

In **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2016), the appellant filed a notice of appeal listing four trial court docket numbers. On appeal, a panel of this Court noted that although it was impossible to determine whether counsel filed separate notices of appeal, it "appear[ed] that one notice of appeal listing all four docket numbers was simply photocopied and placed in each record, conceivably by the clerk of courts." **Creese**, 216 A.3d at 1144 n.1. Nonetheless, the **Creese** panel interpreted **Walker** to mean that "we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case." **Id.** at 1144. Therefore, the **Creese** panel quashed the appellant's appeal, holding that "a notice of appeal may contain only one docket number." **Id.**

Recently, an *en banc* panel of this Court revisited our prior decision in **Creese**. **Jerome Johnson**, 236 A.3d at 1148. Specifically, the Court expressly overruled **Creese** to the extent that it required notices of appeal to contain no more than one docket number. **Id.** However, the Court reaffirmed **Creese** for the proposition that "a clerk of courts has only ministerial powers" and "cannot perfect an appeal at multiple dockets when a lawyer fails to file separate notices." **Id.** at 1147 n.5 (citing **Creese**, 216 A.3d at 1144 n.2).

Here, the Commonwealth concedes that, like the appellant in **Walker**, it filed a single notice of appeal from an order that resolved issues arising at more than one docket number. **See** Commonwealth's Brief at 10. Although the Commonwealth listed two docket numbers on its notice of appeal, that

fact alone does not require quashal. *See Jerome Johnson*, 236 A.3d at 1148.

However, while the Commonwealth's notice of appeal appears in the record for both cases, the Commonwealth specifically stated that a "separate notice of appeal was **not** filed for each case," and that it only intended to appeal from the PCRA court's order as it related to Docket No. 293-2014. *See* Commonwealth's Resp. to Order, 11/9/20, at 1 (emphasis in original). Therefore, although a notice of appeal appears in the record for each case, it is evident from the Commonwealth's assertions that it failed to comply with *Walker* and Rule 341(a). Under these circumstances, we are constrained to quash.[1] *See Jerome Johnson*, 236 A.3d at 1147 n.5 (reiterating that "the clerk of courts cannot perfect an appeal at multiple dockets when a lawyer fails to file separate notices"); *cf. Commonwealth v. Rebecca Johnson*, 236 A.3d 63 (Pa. Super. 2020) (concluding that, irrespective of whether the defendant included multiple docket numbers on each notice of appeal, *Walker* did not require quashal where the defendant filed three separate notices of

---

[1] We recognize that there may be instances where remand is appropriate for a party to correct a purely technical defect in an otherwise timely notice of appeal. *See Commonwealth v. Williams*, 106 A.3d 583 (Pa. 2014). Here, however, the Commonwealth has repeatedly stated that it intentionally filed a single notice of appeal in an effort to raise issues solely relating to Docket No. 293-2014. Nonetheless, as discussed herein, the Commonwealth's issues relate to **both** docket numbers. Under these circumstances, we conclude that remand is inappropriate. *See id.* at 588 (stating that the note to Pa.R.A.P. 902 "indicates that dismissal of a defective appeal remains an alternative where the appellate court determines that an appellant has failed to take the necessary steps to correct an identified defect").

appeal, one at each lower-court docket number) (relying on **Jerome Johnson**, 236 A.3d at 1148).

Finally, we reject the Commonwealth's claim that it only intended to appeal from the order as it related to Docket No. 293-2014. In its brief, the Commonwealth specifically challenges the PCRA court's finding of ineffectiveness in relation to Docket No. 1293-2013, which ultimately led to the PCRA court's disposition in both cases. **See** Commonwealth's Brief at 11-16. In any event, the PCRA court's order clearly resolved issues pertaining to both docket numbers, as the order vacated the sentences at both docket numbers so that Appellant could plead guilty at Docket No. 1293-2013 and barred the Commonwealth from proceeding with the third-degree murder charge at Docket No. 293-2014. Therefore, because the PCRA court's order resolved issues pertaining to both trial court docket numbers, quashal is necessary under **Walker**.

In sum, because the PCRA court's order resolved matters relating to two docket numbers, the Commonwealth was required to file two separate notices of appeal. **See Walker**, 185 A.3d at 976-77. Because the Commonwealth confirmed that it failed to do so, we are constrained to quash. **See id.**; **see also Jerome Johnson**, 236 A.3d at 1148.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/13/2021</u>